IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, series 2002-AR1, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY A. BALL, JANECE F. BALL, UNITED STATES OF AMERICA, UNKNOWN OWNERS, and AND NON-RECORD CLAIMANTS, <br><br> Defendants. | Case No. 10-cv-0872-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., asset-backed, pass-through certificates, series 2001-AR1, has brought suit pursuant to the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101, to foreclose the mortgage securing a 2002 note executed by Defendants Anthony A. Ball and Janece F. Ball. (Docs. 19, 19-1, 19-2). Before the Court are several interrelated motions, including a motion for summary judgment filed by Plaintiff Deutsche Bank National Trust Company (Doc. 39), a subsequently filed Stipulation of Facts (Doc. 46), and a motion for default judgment (Doc. 52), which together permit the Court to resolve all issues against all parties, thereby making the bench trial set for April 23, 2012, unnecessary. Nevertheless, an updated calculation of the interest on the note and mortgage, and a breakdown of the total costs of foreclosure is still needed before an Order of Judgment and final judgment pursuant to Fed.R.Civ.P. 58 can be entered.

1

## Synopsis of Facts and Procedural History

Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") initiated this foreclosure action in October 2010 in the Circuit Court for the First Judicial Circuit, Jackson County, Illinois (Case No. 10CH93). Pursuant to 28 U.S.C. §§ 1444 and 2410, the United States of America ("the Government") removed the case to this federal court, which has subject matter jurisdiction under 28 U.S.C. § 1331.

Deutsche Bank and the Government, the only parties appearing in this case, have stipulated to all relevant facts (Doc. 46), and supporting documentation is contained in the record establishing the note, mortgage, indebtedness and liens. Consequently, the Government now moves to withdraw multiple motions and its principal objection to Deutsche Bank's motion for summary judgment (Doc. 50). The Court hereby **ADOPTS**, in its entirety, the Stipulation of Facts filed by Deutsche Bank and the Government (Doc. 46). Therefore, the Government's motion to withdraw (Doc. 50) is **GRANTED**; Docs. 40 and 41 are deemed **WITHDRAWN**, and Doc. 43 is **DENIED AS MOOT** (*see* Doc. 44). As a result, Deutsche Bank's motion for summary judgment and motion for entry of default judgment remain for consideration.

The principal amount of the note is $144,500. The mortgage is secured by real property located at 90 Alex Lane in Murphysboro, Illinois 62966. The mortgage was recorded on June 10, 2002, with the Recorder of Deeds of Jackson County, Illinois, document number 309461, B2002P23508. The legal description of the property is as follows:

> LOT 2 IN MIRANDA HEIGHTS, BEING A SUBDIVISION OF A PART OF THE SOUTHEAST QUARTER OF SECTION 19 IN TOWNSHIP 8 SOUTH, RANGE 2 WEST, 3RD P.M., JACKSON COUNTY, ILLINOIS, AS PER PLAT THEREOF RECORDED OCTOBER 7, 1998, IN PLAT CABINET 2, SLOT 85A, RECORDER'S OFFICE, JACKSON COUNTY, ILLINOIS. LESS AND EXCEPTING THAT PART CONVEYED TO WILLIAM EUGENE BALL AND JOSIE

MARIE BALL IN WARRANTY DEED ON JUNE 6, 2000 IN BOOK 1056 PAGE 188.

Plaintiff Deutsche Bank is the current owner of the note and mortgage, and is in possession of the original note. American Home Mortgage Servicing, Inc. ("AHMSI") services the note and mortgage and has the power of attorney for Deutsche Bank; AHMSI also has authority to prosecute this action.

Anthony A. Ball and Janece F. Ball ("the Balls") defaulted on the payments on the note in February 2010, and the loan default has never been cured. The note specifies that, if the Balls default, they are liable for the note holder's costs and expenses incurred in enforcing the note, including reasonable attorney's fees. Similarly, the terms of the mortgage make the Balls liable for all of the lender's expenses in pursuing its remedies, including attorney's fees. The mortgage also generally makes the borrowers, the Balls, responsible for any lien that is superior to the mortgage.

The Balls were served with summons and the complaint in this action (*see* Docs. 27 and 28), but they have never appeared, answered or filed any responsive pleading, despite being warned that failure to do so would result in entry of default judgment and an order for the relief sought in the complaint. The Clerk of Court has entered default as to the Balls, and Deutsche Bank now moves for entry of default judgment (Doc. 52).

Multiple federal tax liens have been recorded. Deutsche Bank and the Government have resolved any dispute as to the priority of the tax liens vis-a-vis the mortgage,

as reflected in the Stipulation of Facts (Doc. 46 ¶ 10). A single tax lien has priority[1] over the mortgage:

> • Tax lien recorded with the Jackson County Recorder of Deeds on November 21, 2001, in the amount of $4,964.66, document 302930.

The following tax liens are subordinate to the mortgage lien:

> • Tax lien recorded with the Jackson County Recorder of Deeds on July 11, 2006, in the amount of $28,995.11, document 356698.
>
> • Tax lien recorded with the Jackson County Recorder of Deeds on July 11, 2006, in the amount of $28,995.11, document 356699.
>
> • Tax lien recorded with the Jackson County Recorder of Deeds on July 3, 2007, in the amount of $65,253.29, document 366373.
>
> • Tax lien recorded with the Jackson County Recorder of Deeds on May 13, 2008, in the amount of $8,343.38, document 2008R003638.
>
> • Tax lien recorded with the Jackson County Recorder of Deeds on May 29, 2008, in the amount of $3,660.76, document 2008R004088.
>
> • Tax lien recorded with the Jackson County Recorder of Deeds on May 29, 2008, in the amount of $2,777.39, document 2008R004563.
>
> • Tax lien recorded with the Jackson County Recorder of Deeds on May 4, 2009, in the amount of $9,928.48, document 2009R003440.
>
> • Tax lien recorded with the Jackson County Recorder of Deeds on November 15, 2010, in the amount of $4,011.70, document 2010R007344. The Clerk of Court has entered default as to the Balls.

---

[1] Generally, priority of federal tax liens is governed by the common-law principle that "the first in time is the first in right." *United States v. McDermott,* 507 U.S. 447, 449 (1993); *see also* 26 U.S.C. §§ 6321–6323; *Dragstrem v. Obermeyer,* 549 F.2d 20, 22–23 (7th Cir.1977). Similarly, under 810 ILCS 5/9–322 priority among conflicting security interests is generally determined according to the priority in time of filing or perfection.

**<u>Default Judgment</u>**

Granting or denying default judgment is within the Court's sound discretion. *See Swaim v. Moltan Co.,* 73 F.3d 711,716 (7th Cir. 1996). Entering default judgment against a party establishes a defendant is liable to the plaintiff for each claim alleged in the complaint as a matter of law. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Id.* While the pleadings in a complaint are taken to be true upon the entering of a default judgment, allegations regarding damages are not automatically taken as true. "[E]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). The Court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee*, 722 F.2d at 1323.

Under Illinois law, when a party does not submit a verified answer denying the facts in the complaint, then "a sworn verification of the complaint or a separate affidavit setting forth such fact is sufficient evidence thereof against such party and no further evidence of such fact shall be required." 735 ILCS 5/15–1506(a)(1). The Court may enter a judgment of foreclosure "upon motion supported by an affidavit stating the amount which is due the mortgagee . . . where all the allegations of fact in the complaint have been proved by verification of the complaint or affidavit." 735 ILCS 5/15–1506(a) (2).

In this situation, the Balls have failed to enter and defend against the foreclosure and, under the terms of the note and mortgage, foreclosure and an award of all costs associated with Deutsche Bank's foreclosure efforts is prescribed. Furthermore, the amount of damages is easily ascertainable from the terms of the note and mortgage, and the documentary evidence and affidavit submitted by Deutsche Bank (Docs. 39-1—39-4). Therefore, Deutsche Bank's motion for default judgment against Anthony A. Ball and Janece F. Ball (Doc. 52) is **GRANTED**. However, updated calculations will be needed before the final judgment is entered.

## Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005)**. Any doubt as to the existence of a genuine issue must be resolved against the moving party. ***Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004)**.

The inquiry is whether there is a need for a trial; in other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. "[T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986);** s**ee also Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986); *Packman v. Chicago Tribune Co.*, 267**

6

F.3d 628, 637 (7th Cir. 2001); *Sybron Transition Corporation v. Security Insurance Company of Hartford*, 107 F.3d 1250, 1255 (7th Cir. 1997). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

The only remaining parties, Deutsche Bank and the Government have stipulated to all of the material facts (s*ee* Doc. 46). More to the point, it is stipulated that the Government has a single tax lien that is superior to the mortgage: Tax lien recorded with the Jackson County Recorder of Deeds on November 21, 2001, in the amount of $4,964.66, document 302930. Therefore, Deutsche Bank's motion for summary judgment (Doc. 39) is **GRANTED IN PART AND DENIED IN PART**, in that Deutsche Bank is entitled to an order of foreclosure, subject to the Government's single superior tax lien (Tax lien recorded with the Jackson County Recorder of Deeds on November 21, 2001, in the amount of $4,964.66, document 302930); all of the Government's other tax liens are inferior to Deutsche Bank's mortgage lien.

As already noted relative to the default judgment against the Balls, before final judgment can be entered, an up to date accounting and supporting affidavit of the expenses of foreclosure must be filed. A proposed Order of Judgment is also needed, accurately reflecting the current status of all interests, directing the appointment of a Special Commissioner for judicial sale, and setting forth the other procedures flowing from the foreclosure.

## Conclusion

For the reasons stated:

- The Court hereby **ADOPTS**, in its entirety, the Stipulation of Facts filed by Deutsche Bank National Trust Company (Doc. 46).

- The United States of America's motion to withdraw (Doc. 50) is **GRANTED**; Docs. 40 and 41 are deemed **WITHDRAWN**, and Doc. 43 is **DENIED AS MOOT**.

- Deutsche Bank National Trust Company's motion for default judgment against Anthony A. Ball and Janece F. Ball (Doc. 52) is **GRANTED**.

- Deutsche Bank National Trust Company's motion for summary judgment (Doc. 39) is **GRANTED IN PART AND DENIED IN PART**, in that Deutsche Bank National Trust Company is entitled to an order of foreclosure, subject to the United States of America's single superior tax lien (Tax lien recorded with the Jackson County Recorder of Deeds on November 21, 2001, in the amount of $4,964.66, document 302930); all of the United States of America's other tax liens are inferior to Deutsche Bank National Trust Company's mortgage lien.

- The final pretrial conference set for April 20, 2012, and the bench trial set for April 23, 2012, are **CANCELLED**.

On or before **April 20, 2012**, Plaintiff Deutsche Bank National Trust Company shall: (1) file an up to date motion regarding the total amount of indebtedness and seeking expenses attributable to Deutsche Bank's foreclosure efforts; and (2) submit a proposed Order of Judgment.

**IT IS SO ORDERED.**

**DATED: April 5, 2012**

                                 *s/ Michael J. Reagan*
                                 **MICHAEL J. REAGAN**
                                 **UNITED STATES DISTRICT JUDGE**