# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, series 2002-AR1,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY A. BALL, JANECE F. BALL, UNITED STATES OF AMERICA, UNKNOWN OWNERS, and AND NON-RECORD CLAIMANTS,<br><br>Defendants. | Case No. 10-cv-0872-MJR |

## ORDER

**REAGAN, District Judge:**

Plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., asset-backed, pass-through certificates, series 2001-AR1, has prevailed on its foreclosure action, except to the extent that Defendant United States of America was found to have one tax lien that is superior to Deutsche Bank's mortgage lien, and multiple subordinate tax liens. An order of judgment has been entered, directing that the property at issue be sold. Plaintiff Deutsche Bank is now before the Court seeking appointment of a special commissioner to conduct the sale of the property pursuant to 28 U.S.C. § 2001(a) (Doc. 56). Rather than have the United States Marshals Service conduct the sale, Plaintiff proposes that Private Sales Corporation (also known as Judicial Sales Corporation), or Lender Processing Services Asset Management Solutions, be appointed as special commissioner.

The Government objects to the appointment of a special commissioner, arguing that 28 U.S.C. § 2410(c) permits *only* the United States Marshals Service to conduct a "judicial sale" in a foreclosure action where the United States is named as a party (Doc. 57). In reply, Deutsche Bank contends that the Government's reading of Section 2410(c) is overly strict (Doc. 59). Citing *Lomas and Nettleton Co. v. Wiseley*, 884 F.2d 965 (7th Cir. 1989), in which the terms "judicial sale" and "public sale" seem to be used interchangeably, Deutsche Bank argues that there is no difference between the use of the term "public sale" in Section 2001, and Section 2410, which uses the term "judicial sale"—implying that Section 2410 does not require the United States Marshals Service to conduct the sale.

Section 2001 pertains to the general sale of all realty sold by court order or decree, which is to be by "public sale," upon such terms and conditions as the court directs. Section 2001(b) also permits "private sales," under certain conditions. Section 2410 pertains to actions affecting property upon which the United States has a lien and states in pertinent part: "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale."

Neither Section 2001 nor Section 2410 requires the United States Marshals Service to conduct a court-ordered sale, and the Government has not submitted any authority to the contrary. A judicial sale, as opposed to a writ of execution, is a sale under the auspices of the Court, conducted at the direction of the Court, in accordance with the procedures set forth in 28 U.S.C. §§ 2001-2007. *See United States v. Branch Coal Corp.*, 390 F.2d 7, 9-10 (3rd Cir. 1968) (citing *Yazoo & M.V.R. Co. v. City of Clarksdale*, 257 U.S. 10 (1921)). The primary distinguishing feature of a judicial sale is that the sale must be confirmed by the court. *Yazoo*, 257 U.S. at 19; *Blossom v. Milwaukee & C.R. Co.*, 70 U.S. 196, 207 (1865). Although the

2

United States Marshals Service has traditionally carried out judicial sales, the sale itself is a ministerial task.

The influx of mortgage foreclosure actions in recent years has necessitated coordination with the United States Marshal for this district. The Court has been informed that the Marshal has no objection to the sale being effected by a special commissioner. A special commissioner has previously been appointed when the United States has had an inferior lien, and Section 2410 does not preclude the use of a special commissioner when the Government holds the superior lien. The Court does not perceive any resulting prejudice to any of the parties, particularly since the sale must be confirmed by the Court. Therefore, the Court will appointment a special commissioner to conduct the sale of the property.

**IT IS HEREBY ORDERED** that Plaintiff Deutsche Bank National Trust Company's motion for appointment of a special commissioner (Doc. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that **The Judicial Sales Corporation**, One South Wacker Drive, 24th Floor, Chicago, Illinois 60606, is hereby appointed as a Special Commissioner for the Southern District of Illinois, for the purpose of conducting a public foreclosure sale of the real estate at issue in this action pursuant to 735 ILCS 5/15-1507 and 28 U.S.C. §§ 2001(a) and 2410(c), and in accordance with the terms set forth in the Order of Judgment of Foreclosure and Order of Sale (Doc. 67). This Order supersedes any language of the Order of Judgment of Foreclosure and Order of Sale (Doc. 67) relating to a sale by the United States Marshal.

**IT IS FURTHER ORDERED** that the Special Commissioner shall promptly make a report to the Court. The Report of Sale may be prepared by the Plaintiff to be reviewed

and executed by the Special Commissioner. The Special Commissioner shall submit the report, or cause it to be submitted, for review by the Court at the time of Confirmation of Sale. The report shall include a copy of all receipts of sale.

**IT IS SO ORDERED.**

**DATED: May 3, 2012**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**